**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4141

JEFFREY ROBERT CARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-92-160-N)

Submitted: August 7, 1996

Decided: September 12, 1996

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark M. McMillin, KMETZ & MCMILLIN, Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Patrick D. Frye,
Special Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Robert Card pled guilty to theft of government property in violation of 18 U.S.C.A. § 641 (West Supp. 1996) and was sentenced to five years probation and ordered to pay restitution, a fine, and an assessment fee. In January 1995, the district court revoked his probation for violating the conditions of his probation. His new sentence included supervised release for three years. In January 1996, while Card was on supervised release, Card's probation officer petitioned the court to revoke Card's supervised release because he: (1) failed to pay his fines and restitution; (2) committed a crime (driving under the influence); and (3) failed to submit written monthly reports to the probation officer in a timely manner. At his supervision revocation hearing, Card stipulated to the contents of the probation officer's petition to revoke his supervised release. In February 1996, the district court found that Card had violated the terms of his supervised release. Thus, the court revoked the supervised release previously imposed and sentenced him to nine months incarceration, followed by supervised release for two years and three months.

On appeal, Card claims that his sentence is too severe because the violations of his supervised release were more technical than substantive in nature and degree. Specifically, he alleges that: (1) his payments toward restitution were made in good faith; (2) his driving under the influence conviction was an aberration and he should not be punished twice for the same offense; and (3) although he filed his monthly reports to his probation officer in an untimely manner, he made the monthly reports and they were not significantly late.

The sentencing guidelines provide that a court may revoke supervised release upon a finding of a Grade C violation. United States Sentencing Commission, Guidelines Manual,§ 7B1.3, p.s. (Nov. 1995). Card admitted committing a Grade C violation of his super-

2

vised release. The guideline range provided in Chapter Seven is three to nine months for a Grade C violation and a Criminal History Category I. USSG § 7B1.4, p.s. Where a court revokes a term of supervised release and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may also impose a term of supervised release upon release from imprisonment. 18 U.S.C. § 3583(h); USSG § 7B1.3(g).* However, the length of such a term of supervised release can not exceed the term of supervised release allowable by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h); USSG § 7B1.3(g). Further, upon revocation of supervised release, a court can not give a defendant credit for time previously served on post-release supervision. USSG§ 7B1.5, p.s. Thus, the district court did not abuse its discretion in sentencing Card within the guideline range in light of the cumulative effect of his supervised release violations.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

*Card does not dispute that his imprisonment term was within the maximum imposable upon revocation.

3